(589 P.2d 641)

No. 49,410

FARMERS INSURANCE COMPANY, INC., *Appellee,* v. JOHN R. SCHILLER, *Appellant,* and ROBERT V. MOORE; J. F. HAILE, Center Director of Veterans Administration Hospital, Bay Pines, Florida, *Defendants.*

Opinion filed January 26, 1979.

*Harold S. Youngentob* and *Gerald L. Goodell,* of Goodell, Cogswell, Stratton, Edmonds, Palmer & Wright, of Topeka, for the appellant.

*J. H. Eschmann,* of Ascough, Bausch & Eschmann, of Topeka, for the appellee.

Before FOTH, C.J., REES and PARKS, JJ.

PARKS, J.: This declaratory judgment action involves a dispute between the plaintiff, Farmers Insurance Company, Inc., and the defendant, John R. Schiller, concerning the construction of the "omnibus clause" contained in an automobile insurance policy issued to Robert L. Hester. Plaintiff seeks a determination of its rights and liabilities under the policy. The trial court found no coverage which would provide benefits to the defendants, and entered summary judgment for the plaintiff. Of the original defendants in the Shawnee County district court, Schiller alone appeals. The implication of the summary judgment is that Hester is not the owner-insured because he had sold the truck. We disagree.

Arrangements to sell the insured vehicle were made by Hester on August 30, 1974. Present at the time of the transaction were Hester, his neighbor Larry King, and David Bayless. Of the $150

purchase price, Bayless paid $100 on the evening in question and agreed to pay the balance the following week. Although a notary public was not present, Hester signed the certificate of title and gave it to Bayless, who indicated that he would take the title to a notary public that same evening and have Hester's signature notarized. Hester agreed to this plan, further advising Bayless that should he be unable to get this done, to bring the title back the next day and Hester himself would take it to a notary. When Bayless left Hester's home driving the truck, it was understood that he was to return the next day so that Hester's license tag could be removed from the truck. Here the plan fell apart, for Bayless did not return the tag, did not have the certificate of title notarized and did not make the final payment on the truck.

Five days later, the truck was involved in an accident. Robert Moore, the driver, and defendant Schiller, a passenger, were both seriously injured. Subsequently defendant Schiller initiated a tort action to recover the losses he had suffered in the accident.

Contrary to the factual situation of *In re Estate of Powell*, 222 Kan. 688, 567 P.2d 872 (1977), we have before us a purported sale, not a gift. The mandate of K.S.A. 1978 Supp. 8-135(*c*)(2) and (6) is that a properly assigned notarized certificate of title must pass between the parties in order for a person to sell or buy a motor vehicle. Any failure to comply with the statute renders sale of a vehicle registered under the laws of this state fraudulent and void.

By the terms of the "omnibus clause" of the plaintiff's policy the word "insured" includes the named insured and any other person using the automobile, provided the actual use of such automobile is either by the insured or with his permission. When Hester delivered the truck to Bayless without also delivering to him a proper certificate of title he thereby permitted Bayless to use the vehicle, making him an additional insured under the omnibus clause. *Maryland Cas. Co. v. American Family Insurance Group*, 199 Kan. 373, 380, 383, 429 P.2d 931 (1967), and cases cited therein.

Having determined that Hester remained the owner of the truck and that Bayless was his permittee, certain issues of fact are raised which must be resolved. While we express no opinion concerning such issues, it would appear that a determination must be made as to whether Moore, who was driving the truck at

the time of the accident, was also a permissive user within the meaning of the omnibus clause. See *United States Fidelity & Guaranty Co. v. Continental Ins. Co.,* 1 Kan. App. 2d 722, 573 P.2d 1106 (1977).

Summary judgment should be sustained only where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. K.S.A. 60-256(*c*); *Mildfelt v. Lair,* 221 Kan. 557, 559, 561 P.2d 805 (1977); *Pedi Bares, Inc. v. First National Bank,* 223 Kan. 477, 481, 575 P.2d 507 (1978).

Inasmuch as genuine issues of fact remain unresolved in the present case, the summary judgment cannot stand.

Judgment is reversed and the case is remanded for further proceedings.